1  Elizabeth V. McNulty (Bar No. 192455)
2  emcnulty@efstriallaw.com
3  Christine Diaz Reynolds (Bar No. 265566)
   creynolds@efstriallaw.com
4  EVANS FEARS & SCHUTTERT LLP
   4440 Von Karman Avenue, Suite 250
5  Newport Beach, California 92660
6  Telephone: (949) 301-9463
   Facsimile: (949) 966-0706
7
8  Attorneys for Specially Appearing Defendant
   JAGUAR LAND ROVER
9  AUTOMOTIVE PLC
10

11              UNITED STATES DISTRICT COURT
12              CENTRAL DISTRICT OF CALIFORNIA#

13 | JAMES LAUKAT and MISUN | Case No. CV 19-09436-CJC(Ex)
14 | LAUKAT, |
15 | Plaintiffs, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS JAGUAR LAND ROVER AUTOMOTIVE PLC OR, IN THE ALTERNATIVE, MOTION TO QUASH SERVICE OF SUMMONS**
16 | vs. |
17 |  |
18 | ABB, INC., *et al.*, and DOES 1-400, |
19 | Defendants. | HEARING DATE: March 2, 2020
20 |  | TIME: 1:30 p.m.
21 |  | JUDGE: Hon. Cormac Carney
   |  | COURTROOM: 7C
22
23
24
25
26
27
28 **MEMORANDUM OF POINTS AND AUTHORITIES**
   **MOTION TO DISMISS OR, IN THE**
   **ALTERNATIVE, QUASH SERVICE OF SUMMONS**

{00083950}

# I.

# INTRODUCTION

Specially appearing defendant Jaguar Land Rover Automotive plc ("JLRAplc"), a foreign holding company, was improperly served with process via the agent for service of process authorized to accept service on behalf of its North American subsidiary.  Despite receiving notice of the improper service via a document titled "Rejection of Service of Process," the plaintiffs continue to improperly threaten default judgment against JLRAplc, despite good faith meet-and-confer efforts explaining the legal impropriety of such action.  Accordingly, JLRAplc now moves to dismiss this case or, alternatively, quash service of process, pursuant to Rule 12(b)(5) of the *Federal Rules of Civil Procedure* and submits this memorandum of points and authorities in support thereof.

# II.

# FACTUAL AND PROCEDURAL BACKGROUND

On October 1, 2019, a copy of the complaint was left with the receptionist at CSC Lawyers Incorporating Service (hereinafter "CSC"), 2710 Gateway Oaks Drive, Suite 150N, Sacramento, California 95833.  According to the Proof of Service of Summons, the party that was intended to have been served was "JAGUAR LAND ROVER NORTH AMERICA, LLC, individually and as successor in interest to TRIUMPH MOTOR COMPANY **on behalf of JAGUAR LAND ROVER AUTOMOTIVE PLC**, individually and as successor in interest to TRIUMPH MOTOR COMPANY."  (See Exhibit 1 to Declaration of Christine Reynolds (hereinafter "Reynolds Decl."), at ¶2.)  CSC is the authorized agent for service of process for *Jaguar Land Rover North America, LLC* ("hereinafter JLRNA-LLC"), which is a wholly separate entity that is also a defendant in this action.  CSC is *not* an authorized agent for service of process for moving party JLRAplc, which is a foreign parent company of JLRNA-LLC.  (Reynolds Decl., at

{00083950;}

MEMORANDUM OF POINTS AND AUTHORITIES
MOTION TO DISMISS OR, IN THE ALTERNATIVE,  - 2 -
QUASH SERVICE OF SUMMONS

Evans Fears & Schuttert LLP
4440 Von Karman Avenue, Suite 250
Newport Beach, CA 92660

¶3.)

On October 4, 2019, CSC issued a document titled "Rejection of Service of Process" addressed to Plaintiff's counsel, Benno Ashrafi, Weitz & Luxenberg P.C., 1880 Century Park East, Suite 700, Los Angeles, CA 90067." (See Exhibit 2 to Reynolds Decl., at ¶4.) The Rejection notice identified the party served as "Jaguar Land Rover Automotive PLC, Individually and as successor in interest to Triumph Motor Company" and advised Plaintiffs, through their counsel, that "the service of process received for the party served, as listed above, cannot be forwarded to the intended party for one of the reasons listed below…" (Id.) Those stated reasons included (1) CSC not being the registered agent for the company [Plaintiff is] trying to serve or the status of the entity is no longer active; (2) company being served was improperly named or identified; and (3) CSC has resigned as the registered agent for the company being served. (Id.) CSC also stated the other possibility that the entity served is "inactive at the state for one of the reasons listed below: withdrawn, surrendered, merged out of existence, dissolved, or revoked." (Id.) All in all, CSC's Rejection of Service of Process notice was unequivocal in its message that CSC was *not* the agent for service of process for JLRAplc and that service of process had not been properly effectuated.

On December 13, 2019, despite apparent receipt of the CSC Rejection of Service Notice, Plaintiff contacted counsel for defendant JLRNA-LLC stating the intention to move for default against its parent company, JLRAplc, insinuating that service upon JLRAplc (a foreign entity) via JLRNA-LLC (the foreign entity's American subsidiary) was proper because it was consistent with the Los Angeles Superior Court's ruling in a recent (wholly separate) lawsuit. (Reynolds Decl., at ¶5.)

On December 19, 2019, this law firm, having been retained by JLRAplc, sent a detailed meet-and-confer letter to Plaintiff which provided a preview of the

arguments set forth in this motion. (See Exhibit 3 to Reynolds Decl., at ¶6.)

On December 27, 2019, counsel representing Plaintiff and JLRAplc conducted a telephonic meet-and-confer which was memorialized with an email confirming that Plaintiff agreed to withhold moving for default against JLRAplc until after January 10, 2020, by which date JLRAplc intended to file its motion to quash service of process. (See Exhibit 4 to Reynolds Decl., at ¶7.) The email also confirmed the parties' agreement that JLRAplc's December 19, 2019 letter to Plaintiff, coupled with the December 27, 2019 phone conversation, satisfied the pre-filing meet and confer requirement as mandated by the local rules. (Id.)

On January 9, 2019, the parties agreed that Plaintiff would hold off on filing any default paperwork against JLRAplc until after January 24, 2020, allowing JLRAplc additional time to file the instant motion. This agreement was memorialized in an email on the same date. (See Exhibit 5 to Reynolds Decl., at ¶8.)

### III.
### LEGAL AUTHORITIES

**A. Challenging Insufficiency of Service of Process**

A Rule 12(b)(5) motion is the proper vehicle for challenging the "insufficiency of service of process." See *Fed. R. Civ. Pro.* 12(b)(5). The motion challenges the validity of the actual method or manner of service of process. "A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed. R. Civ. P. 4." *Direct Mail Specialists v. Eclat Computerized Techs. Inc.* (9th Cir. 1988) 840 F.2d 685, 688. While "Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint" (*United Food &Commercial Workers Union v. Alpha Beta Co.* (9th Cir. 1984) 736 F.2d 1371, 1382), "neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction" absent substantial

MEMORANDUM OF POINTS AND AUTHORITIES
MOTION TO DISMISS OR, IN THE ALTERNATIVE,     - 4 -
QUASH SERVICE OF SUMMONS

compliance with its requirements (*Benny v. Pipes* (9th Cir. 1986) 799 F.2d 489, 492).

Once service of process is properly challenged, "the party on whose behalf [service] is made must bear the burden of establishing its validity." *Brockmeyer v. May* (9th Cir. 2004) 383 F.3d 798, 801. Upon a finding of improper service, it is within the district court's sound discretion to determine whether to quash service of process or to dismiss the case. *Stevens v. Sec. Pac. Nat. Bank* (9th Cir. 1976) 538 F.2d 1387, 1389.

**B. Requirements for Service of Process of a Corporation**

Since JLRAplc is a corporation, service of process must comply with FRCP 4(h):

> (h) Serving a Corporation, Partnership, or Association. Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:
>
> (1) in a judicial district of the United States:
>
> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual [i.e., "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made"]; or
>
> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is

one authorized by statute and the statute so requires--

by also mailing a copy of each to the defendant; or

(2) at a place not within any judicial district of the United States,

in any manner prescribed by Rule 4(f) for serving an individual,

except personal delivery under (f)(2)(C)(i).

## IV.

## ARGUMENT

### A. Plaintiffs Have Failed to Effect Proper Service under the Hague Service Convention

Pursuant to *California Code of Civil Proc.* §413.10(c), the rules for serving a foreign corporation are subject to the "Hague Service Convention." California Courts may not exercise jurisdiction in violation of an international treaty. *Volkswagenwerk Aktiengesellschaft v. Schlunk* (1988) 486 U.S. 694, 699. Because the treaty is a creature of federal law, the "Convention preempts inconsistent methods of service prescribed by state law in all cases to which it applies. *Ibid.* The "Convention" creates a Central Authority to be designated by each signatory to the Treaty. This Central Authority has the responsibility for receiving the request for service, serving the judicial documents, then certifying and returning the certificates of service (Chapter 1, Articles 3 through 6). This process may be accomplished by use of prescribed forms which are part of the Treaty.

The United States and United Kingdom are signatories to the Hague Convention. The United Kingdom adopted Articles 2 through 8 of the Hague Convention and designated the Senior Master of the Royal Courts of Justice located at Strand, London WC2A 2 LL as its Central Authority for the purpose of effecting service of process. Plaintiffs have not served the summons and complaint to the Senior Master of the Royal Courts of Justice in England, and have not satisfied any of the requirements set forth in Chapter 1, Articles 2 through 6 of the "Convention."

**B. Plaintiffs Have Failed to Comply with California Statutory Requirements for Effective Service of Process to a Foreign Corporation**

The exception to service through the Hague Convention is prescribed under *California Code of Civil Proc.* §416.10, which provides that a summons may be served on a corporation by serving:

(a) The person <u>designated as an agent for service of process</u>;

(b) The president, chief executive officer, or other head of the corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a controller or chief financial officer, a general manager, <u>or a person authorized by the corporation to receive service of process</u>.

…

(d) If <u>authorized by any provision in Section …210</u> … of the Corporations Code. [Emphasis added.]

CSC is not a designated agent, or otherwise authorized to accept service on behalf of JLRAplc. CSC is not an officer, director, or agent of JLRAplc. Simply leaving a copy of the summons and complaint with the receptionist at CSC is insufficient to effect service on JLRAplc, and Plaintiffs were advised of this fact when CSC issued its Rejection of Service of Process. (See Exhibit 2 to Reynolds Decl., at ¶4.)

The *California Corporations Code* provides an alternative to the Hague Convention for service to a foreign corporation. The *Corporation Code* §2110 permits service of process on a foreign corporation in the following manner:

Delivery by hand a copy of any process against a <u>foreign corporation</u> <u>(a) to any officer of the corporation or its general manager</u> in this state, …(b) to any <u>natural person designated by its agent for the service of process</u>, or (c) if the corporation has designated a corporate agent, to

MEMORANDUM OF POINTS AND AUTHORITIES
MOTION TO DISMISS OR, IN THE ALTERNATIVE,      - 7 -
QUASH SERVICE OF SUMMONS

any <u>person named in the latest certificate of the corporate agent</u> filed pursuant to Section 1505 shall constitute valid service on the corporation. [Emphasis added.]

A "general manager" is defined as an <u>agent of the corporation</u>, i.e., one employed by the entity. *Gibble v. Car-Lene Research* (1998) 67 Cal.App.4th 295, 303. In *Manchester v. Sivantos GMBH* (2018) U.S. Dist. LEXIS 14108, 19, plaintiff, a manufacturer of a hearing aid technology brought suit against Sivantos GMBH, a German corporation and its American affiliate Sivantos, Inc. for misappropriation of trade secrets, breach of contract, and fraudulent misrepresentation. Plaintiff claimed to have served Sivantos, GMBH via its American subsidiary pursuant to California state law. The court granted Sivantos, GMBH's motion to dismiss for improper service because in the absence of any evidence to show that Sivantos, Inc. acted as Sivantos GMBH's "general manager" in California, plaintiff had not met her burden to show that she properly served Sivantos GMBH, by serving Sivantos, Inc.

Here, Plaintiffs attempted to serve JLRAplc via JLRNA-LLC via the agent for service of process authorized by JLRNA-LLC. Neither CSC nor JLRNA-LLC is an employee or agent of JLRAplc, let alone an officer or general manager. Neither SCS nor JLRNA-LLC is designated as being authorized to accept service on behalf of JLRAplc. The attempted service of the summons and complaint is improper, and ineffective as mandated by *California Code of Civil Proc.* §416.10 and *California Corporations Code* §2100.

**C. Plaintiffs Service of Process upon JLRNA-LLC Was Improper**

JLRAplc anticipates that Plaintiffs may rely on the theory of the representative services doctrine to argue that service of JLRNA-LLC on behalf of JLRAplc was proper. The analysis begins with the "*firm proposition that neither ownership nor control of a subsidiary corporation by a foreign parent corporation,*

*without more, subjects the parent to the jurisdiction of the state where the subsidiary does business.*" *Sonora Diamond Corp. v. Superior Court* (2000), 83 Cal.App.4th 523, 540. "'Control' in this context means the degree of direction and oversight normal and expected from the status of ownership; it comprehends such common characteristics as interlocking directors and officers, consolidated reporting, and shared professional services. [Citations.] The relationship of owner to owned contemplates a close financial connection between parent and subsidiary and a certain degree of direction and management exercised by the former over the latter. [Citations.]" *Sonora, supra,* at pp. 540–541. Thus, for purposes of acquiring jurisdiction over the foreign parent company based on agency, that company must exercise a degree of control over the local entity that is more pervasive than these common features signal. It must veer into management by the exercise of control over the internal affairs of the subsidiary and the determination of how the company will be operated on a day-to-day basis. *Sammons Enterprises, Inc. v. Superior Court* (1988) 205 Cal.App.3d 1427, 1434; *Williams v. Canon, Inc.* (C.D.Cal.1977) 432 F.Supp. 376, 380. It is the "rare occasion" where a court is willing to treat a parent and subsidiary as one entity for jurisdictional purposes. *Calvert v. Huckins* (E.D.Cal.1995) 875 F.Supp. 674, 678. In the absence of a showing of fraud or injustice, courts will generally respect the presumption of corporate separateness in a jurisdictional analysis. *Ibid.*; *Sammons, supra*, 205 Cal.App.3d at p. 1434.

As a practical matter, the parent must be shown to have moved beyond the establishment of general policy and direction for the subsidiary and in effect taken over performance of the subsidiary's day-to-day operations in carrying out that policy. [Citations.]" *Sonora, supra*, 83 Cal.App.4th at p. 542. Mere "ownership of a locally incorporated subsidiary does not warrant the exercise of jurisdiction over a foreign corporation unless the foreign parent 'manipulates the subsidiary to the detriment of creditors or the subsidiary is the alter ego of the parent. *Empire Steel*

*Corp., supra*, 56 Cal.2d at p. 831.'  (*Westinghouse Electric Corp. v. Superior Court* (1976) 17 Cal.3d 259, 274*).*"  *J.M. Sahlein Music Co. v. Nippon Gakki Co., Ltd.* (1987) 197 Cal.App.3d 539, 543.)  In contrast, jurisdiction will not lie where the parent is a true holding company the business of which is not operations but passive investment. *Sonora, supra*, 83 Cal.App.4th at p. 543.

      Here, there exists no factual framework to support Plaintiff's claim regarding the validity of serving with process JLRAplc, a foreign holding company, via its North American subsidiary. JLRAplc is a public limited company incorporated under the laws of England and Wales (Company No. 06477691) and maintains its headquarters in Whitley, Coventry, United Kingdom.  (Declaration of Keith Benjamin (hereinafter "Benjamin Decl."), at ¶4.)  JLRAplc's trading activity is listed as a holding company and its shareholder is TML Holdings PTE. Ltd. JLRAplc is the shareholder of Jaguar Land Rover Holdings Limited, which is also a holding company and is in the business of manufacturing and selling luxury motor vehicles.  (Id., at ¶5.)  Currently, JLRAplc employs four (4) employees, none of whom are located in California. (Id., at ¶6.)  JLRAplc does not maintain an office or other facility in California. (Id., at ¶7.)  JLRAplc is a foreign parent company of co-defendant JLRNA-LLC. (Id., at ¶8.)  JLRAplc is not an alter ego of JLRNA-LLC. (Id., at ¶9.)  At all relevant times, JLRAplc has neither exercised control over the internal affairs of JLRNA-LLC nor dictated how JLRNA-LLC will be operated on a day-to-day basis. (Id., at ¶10.)

      In sum, JLRAplc does not exercise control over JLRNA-LLC beyond the basic ownership and control that one would expect to exist between a holding company and its local subsidiary. That is, JLRAplc does not manage the internal affairs of its North American subsidiary or determine how the company will be operated on a day-to-day basis. Thus, under applicable precedent, there is no basis for jurisdiction over JLRAplc, let alone service of process via JLRAplc's North

MEMORANDUM OF POINTS AND AUTHORITIES
MOTION TO DISMISS OR, IN THE ALTERNATIVE,    - 10 -
QUASH SERVICE OF SUMMONS

{00083950;} 
Evans Fears & Schutterr LLP
4440 Von Karman Avenue, Suite 250
Newport Beach, CA 92660

American subsidiary. The attempted service of process was improper and ineffective; therefore, dismissal or, at a minimum, nullification of the service of process, is the appropriate remedy.

## V.

## **CONCLUSION**

Based upon the foregoing, the moving party requests that the Court dismiss this case against Jaguar Land Rover Automotive plc based upon lack of jurisdiction. In the alternative, JLRAplc requests that the Court quash service of process based on the improper service upon the foreign parent company.

Dated: January 23, 2020                    EVANS FEARS & SCHUTTERT LLP

/s/ *Elizabeth V. McNulty*
Elizabeth V. McNulty
Christine Diaz Reynolds
Attorneys for Defendant
JAGUAR LAND ROVER
AUTOMOTIVE plc

# PROOF OF SERVICE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 4440 Von Karman Avenue, Suite 250, Newport Beach, California, 92660.

On January 24, 2020, I served, in the manner indicated below, the foregoing document described as: **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS JAGUAR LAND ROVER AUTOMOTIVE PLC OR, IN THE ALTERNATIVE, MOTION TO QUASH SERVICE OF SUMMONS** on the interested parties in this action as follows:

☒ **BY ELECTRONIC TRANSMISSION:** ELECTRONIC COURT FILING (ECF): the above-entitled document to be served electronically through the United States District Court, Central District ECF website, addressed to all parties appearing in the Court's ECF service list. A copy of the "Filing Receipt" PAGE will be maintained with the original document in our office.

☒ **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on January 24, 2020 at Newport Beach, California.



Lorry Abercrombie

{00083950;}

MEMORANDUM OF POINTS AND AUTHORITIES
MOTION TO DISMISS OR, IN THE ALTERNATIVE,
QUASH SERVICE OF SUMMONS

- 12 -