Elizabeth V. McNulty (Bar No. 192455)
emcnulty@efstriallaw.com
Christine Diaz Reynolds (Bar No. 265566)
creynolds@efstriallaw.com
EVANS FEARS & SCHUTTERT LLP
4440 Von Karman Avenue, Suite 250
Newport Beach, California 92660
Telephone: (949) 301-9463
Facsimile: (949) 966-0706

Attorneys for Specially Appearing Defendant
JAGUAR LAND ROVER
AUTOMOTIVE plc

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA#

| | |
|---|---|
| JAMES LAUKAT and MISUN LAUKAT,<br><br>Plaintiffs,<br><br>vs.<br><br>ABB, INC., *et al.*, and DOES 1-400,<br><br>Defendants. | Case No. CV 19-09436-CJC(Ex)<br><br>**DECLARATION OF CHRISTINE DIAZ REYNOLDS IN SUPPORT OF MOTION TO DISMISS JAGUAR LAND ROVER AUTOMOTIVE plc OR, IN THE ALTERNATIVE, MOTION TO QUASH SERVICE OF SUMMONS**<br><br>HEARING DATE: March 2, 2020<br>TIME: 1:30 p.m.<br><br>JUDGE: Hon. Cormac Carney<br>COURTROOM: 7C |

**DECLARATION OF CHRISTINE DIAZ REYNOLDS
MOTION TO DISMISS OR, IN THE
ALTERNATIVE, QUASH SERVICE OF SUMMONS**

I, Christine Diaz Reynolds, pursuant to 28 U.S.C. § 1746, swear on this date, January 23, 2020, under penalty of perjury, that the foregoing is true and correct.

1. I am an attorney at the law firm of Evans Fears & Schuttert, attorneys for specially-appearing Defendant Jaguar Land Rover Automotive plc ("JLRAplc") on whose behalf I make the following declaration. I am over the age of eighteen (18) and have actual knowledge of the matters set forth herein and if called to testify would competently be able to do so.

2. I am informed and believe that on October 1, 2019, a copy of the complaint was left with the receptionist at CSC Lawyers Incorporating Service (hereinafter "CSC"), 2710 Gateway Oaks Drive, Suite 150N, Sacramento, California 95833. According to the Proof of Service of Summons, the party that was intended to have been served was "JAGUAR LAND ROVER NORTH AMERICA, LLC, individually and as successor in interest to TRIUMPH MOTOR COMPANY **on behalf of JAGUAR LAND ROVER AUTOMOTIVE PLC**, individually and as successor in interest to TRIUMPH MOTOR COMPANY." A true and correct copy of the Proof of Service of Summons is attached hereto as Exhibit 1.

3. I am informed and believe that CSC is the authorized agent for service of process for *Jaguar Land Rover North America, LLC* ("hereinafter JLRNA-LLC"), which is a wholly separate entity that is also a defendant in this action. CSC is *not* an authorized agent for service of process for moving party JLRAplc, which is a foreign parent company of JLRNA-LLC.

4. I am informed and believe that on October 4, 2019, CSC issued a document titled "Rejection of Service of Process" addressed to Plaintiff's counsel, Benno Ashrafi, Weitz & Luxenberg P.C., 1880 Century Park East, Suite 700, Los Angeles, CA 90067." The Rejection notice identified the party served as "Jaguar Land Rover Automotive PLC, Individually and as successor in interest to Triumph

Motor Company" and advised Plaintiffs, through their counsel, that "the service of process received for the party served, as listed above, **cannot** be forwarded to the intended party for one of the reasons listed below…" (Id.) Those stated reasons included (1) CSC not being the registered agent for the company [Plaintiff is] trying to serve or the status of the entity is no longer active; (2) company being served was improperly named or identified; and (3) CSC has resigned as the registered agent for the company being served. (Id.) CSC also stated the other possibility that the entity served is "inactive at the state for one of the reasons listed below: withdrawn, surrendered, merged out of existence, dissolved, or revoked." (Id.) A true and correct copy of the CSC Rejection of Service of Process is attached hereto as Exhibit 2.

5. I am informed and believe that on December 13, 2019, despite apparent receipt of the CSC Rejection of Service Notice, Plaintiff contacted counsel for defendant JLRNA-LLC stating the intention to move for default against its parent company, JLRAplc, insinuating that service upon JLRAplc (a foreign entity) via JLRNA-LLC (the foreign entity's American subsidiary) was proper because it was consistent with the Los Angeles Superior Court's ruling in a recent (wholly separate) lawsuit.

6. On December 19, 2019, my law firm, having been retained by JLRAplc, sent a detailed meet-and-confer letter to Plaintiff which provided a preview of the arguments set forth in this motion. A true and correct copy of the December 19, 2019 meet-and-confer letter is attached hereto as Exhibit 3.

7. On December 27, 2019, I conducted a telephonic meet-and-confer with Plaintiff's counsel which we memorialized in an email confirming that Plaintiff agreed to withhold moving for default against JLRAplc until after January 10, 2020, by which date JLRAplc intended to file its motion to quash service of process. The email also confirmed the parties' agreement that JLRAplc's

December 19, 2019 letter to Plaintiff, coupled with the December 27, 2019 phone conversation, satisfied the pre-filing meet and confer requirement as mandated by the local rules.  A true and correct copy of the December 27, 20 email exchange is attached hereto as Exhibit 4.

8. On January 9, 2019, the parties agreed that Plaintiffs would hold off on filing any default paperwork against JLRAplc until after January 24, 2020, allowing JLRAplc additional time to file the instant motion.  This agreement was memorialized in an email on the same date.  A true and correct copy of the January 9, 2020 email exchange is attached hereto as Exhibit 5.

I declare pursuant to 28 U.S. Code Section 1746 and under the penalty of perjury of the laws of the State of California that the foregoing Declaration is true and correct.

Executed on this the 23rd day of January, 2020 at Newport Beach, California.

Christine Diaz Reynolds

DECLARATION OF CHRISTINE DIAZ REYNOLDS
MOTION TO DISMISS OR, IN THE ALTERNATIVE,
QUASH SERVICE OF SUMMONS

- 4 -

Evans Fears & Schuttert LLP
4440 Von Karman Avenue, Suite 250
Newport Beach, CA 92660

# Exhibit 1

**POS-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address)<br>WEITZ & LUXENBERG, P.C.<br>Benno Ashrafi, Esq. (SBN 247623); Michael Reid, Esq. (SBN 317740)<br>1880 Century Park East, Suite 700<br>Los Angeles, California 90067<br>TELEPHONE NO (310) 247-0921   FAX NO (Optional) (310) 786-9927<br>E-MAIL ADDRESS (Optional)<br>ATTORNEY FOR (Name) Plaintiffs | FOR COURT USE ONLY<br>CONFORMED COPY<br>ORIGINAL FILED<br>Superior Court of California<br>County of Los Angeles<br>OCT 22 2019<br>Sherri R. Carter, Executive Officer/Clerk of Court<br>By_____, Deputy<br>Steven Drew |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES<br>STREET ADDRESS 312 North Spring Street<br>MAILING ADDRESS<br>CITY AND ZIP CODE Los Angeles, California 90012<br>BRANCH NAME SPRING STREET COURTHOUSE | |
| PLAINTIFF/PETITIONER: JAMES LAUKAT, an individual; et al.<br>DEFENDANT/RESPONDENT: ABB, INC., etc.; et al. | CASE NUMBER<br>19STCV33853 |
| **PROOF OF SERVICE OF SUMMONS** | Ref No or File No<br>1772273SI |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of
   a. [✓] summons
   b. [✓] complaint
   c. [✓] Alternative Dispute Resolution (ADR) package
   d. [✓] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] cross-complaint
   f. [✓] other *(specify documents):* Civil Case Cover Sheet Addendum and Statement of Location; Plaintiffs' Notice of Depositing Jury Fees; Preliminary Fact Sheet; Notice of Case Assignment-Unlimited Civil Case; Voluntary Efficient Litigation Stipulations Packet; Order Authorizing Electronic Service

3. a Party served *(specify name of party as shown on documents served):*
   JAGUAR LAND ROVER NORTH AMERICA, LLC, individually and as successor in interest to TRIUMPH MOTOR COMPANY on behalf of JAGUAR LAND ROVER AUTOMOTIVE PLC, individually and as successor in interest to TRIUMPH MOTOR COMPANY

   b. [✓] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
   
   CSC Lawyers Incorporating Service, Agent, by serving Becky DeGeorge, Receptionist

4. Address where the party was served:
   2710 Gateway Oaks Drive, Suite 150N Sacramento, California 95833

5. I served the party *(check proper box)*
   a. [✓] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* 10/01/2019   (2) at *(time)* 3:59 p.m.
   b. [ ] **by substituted service.** On *(date)* _____ at *(time):* _____ I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

   (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served I informed him or her of the general nature of the papers.

   (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party I informed him or her of the general nature of the papers.

   (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box I informed him or her of the general nature of the papers

   (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ Proc., § 415 20) I mailed the documents on *(date):* _____ from *(city):* _____ or [ ] a declaration of mailing is attached

   (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417 10<br>American LegalNet, Inc<br>www.FormsWorkflow.com |

| PLAINTIFF/PETITIONER: JAMES LAUKAT, an individual; et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: ABB, INC., etc.; et al. | 19STCV33853 |

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

   (1) on (date):   (2) from (city):

   (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. (Attach completed Notice and Acknowledgement of Receipt.) (Code Civ. Proc., § 415.20.)

   (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

   d. ☐ **by other means** *(specify means of service and authorizing code section):*

   ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   a. ☐ as an individual defendant.
   b. ☐ as the person sued under the fictitious name of *(specify):*
   c. ☐ as occupant.
   d. ☑ On behalf of *(specify):* JAGUAR LAND ROVER NORTH AMERICA, LLC, individually and as successor in interest to TRIUMPH MOTOR COMPANY on behalf of JAGUAR LAND ROVER AUTOMOTIVE PLC, individually and as successor in interest to TRIUMPH MOTOR COMPANY
      under the following Code of Civil Procedure section:

      ☑ 416.10 (corporation)           ☐ 415.95 (business organization, form unknown)
      ☐ 416.20 (defunct corporation)   ☐ 416.60 (minor)
      ☐ 416.30 (joint stock company/association) ☐ 416.70 (ward or conservatee)
      ☐ 416.40 (association or partnership)      ☐ 416.90 (authorized person)
      ☐ 416.50 (public entity)                   ☐ 415.46 (occupant)
                                                 ☐ other:

7. **Person who served papers**
   a. Name: Rodmark Tay, Ace Attorney Service, Inc.
   b. Address: 901 F Street, Suite 150, Sacramento, California 95814
   c. Telephone number: (916) 447-4000
   d. The fee for service was: $ 63.16
   e. I am:
      (1) ☐ not a registered California process server.
      (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
      (3) ☑ a registered California process server:
         (i) ☐ owner ☑ employee ☐ independent contractor.
         (ii) Registration No.: 2017-03
         (iii) County: SACRAMENTO

8. ☑ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   or

9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: October 4, 2019

RODMARK TAY                                          ► *(signature)*
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)     (SIGNATURE)

POS-010 [Rev. January 1, 2007]          **PROOF OF SERVICE OF SUMMONS**          Page 2 of 2

# Exhibit 2



null
**Transmittal Number: 20494163**

# Rejection of Service of Process

**Return to Sender Information:**

Benno Ashrafi, Esquire null
Weitz & Luxenberg, P.C.
1880 Century Park East
Suite 700
Los Angeles, CA 90067

| | |
|---|---|
| **Date:** | 10/04/2019 |
| **Party Served:** | Jaguar Land Rover Automotive PLC, Individually and as successor in interest to Triumph Motor Company |
| **Jurisdiction Served:** | CA |
| **Method Served:** | Personal Service |
| **Title of Action:** | James Laukat vs. Abb, Inc. |
| **Case/Reference No:** | 19STCV33853 |

The service of process received for the party served, as listed above, cannot be forwarded to the intended party for one of the reasons listed below:

- **Agent -** According to our records and the records at the Secretary of State, or other appropriate state agency, we are not the registered agent for the company you are trying to serve or the status of the entity is no longer active.
- **Name -** Because two or more companies can have very similar names, the name of the company to which service of process is directed MUST BE IDENTICAL to the company name on file with the Secretary of State or other appropriate state agency.
- **Resignation -** CSC has resigned as the registered agent for the company being served.

Or the entity served is inactive at the state for one of the reasons listed below:

- **Withdrawn**
- **Surrendered**
- **Merged Out of Existence**
- **Dissolved**
- **Revoked**

It is your responsibility to verify this information with the Secretary of State or other appropriate state agency.

Our customer records are confidential. We do not release any information related to our customers, agent representation or service of process received. Please contact the Secretary of State or other appropriate agency for more information.

For an electronic copy of the identified service of process, send your request by e-mail to sop@cscglobal.com. Please include the transmittal number located in the upper right-hand corner of this letter.

251 Little Falls Drive, Wilmington, Delaware 19808-1674
(888) 690-2882   |   sop@cscglobal.com

# Exhibit 3



4440 Von Karman Avenue, Suite 250

Newport Beach, California 92660

Phone: (949) 339-5026

efstriallaw.com

December 19, 2019

**VIA U.S. MAIL and E-MAIL**
Benno Ashrafi, Esq.
Michael Reid, Esq.
WEITZ & LUXENBERG, P.C.
1880 Century Park East, Suite 700
Los Angeles, California 90067
bashrafi@weitzlux.com
mreid@weitzlux.com

Re:   *James Laukat, et al. v. Abb, Inc., et al.*
      Superior Court of California, County of Los Angeles, Case No. 19STCV33853
      **Our Client: Jaguar Land Rover Automotive PLC**

Dear Counsel,

This firm has been retained to address the improper service of process upon Jaguar Land Rover Automotive PLC ("JLRA-PLC") and this letter is intended to initiate the meet-and-confer communications required by Central District of California L.R. 7-3.

We understand that Plaintiff attempted to render service of process on JLRA-PLC via Jaguar Land Rover North America, LLC (JLRNA-LLC) through its agent for service of process, CSC. However, CSC is not an authorized agent for service of process for JLRA-PLC; CSC issued a Rejection of Service of Process with respect to JLRA-PLC, which was sent to your office on October 4, 2019. (See "Exhibit 1".) The Rejection of Service of Process was unequivocal in its message that CVC is *not* the agent for service of process upon JLRA-PLC. Moreover, service of process via JLRNA-LLC was not proper because the court does not have jurisdiction over JLRA-PLC, a foreign entity.

**A.   Legal Standard**

If Plaintiff continues to pursue default against JLRA-PLC, our office intends to specially appear and move to quash service of process. A Rule 12(b)(5) motion is the proper vehicle for challenging the "insufficiency of service of process." See *Fed. R. Civ. Pro.* 12(b)(5). The motion challenges the validity of the actual method or manner of service of process. "A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed. R. Civ. P. 4." *Direct Mail Specialists v. Eclat Computerized Techs. Inc.* (9th Cir. 1988) 840 F.2d 685, 688. While "Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint" (*United Food &Commercial Workers Union v. Alpha Beta Co.* (9th Cir. 1984) 736 F.2d 1371, 1382), "neither actual notice nor simply naming the

defendant in the complaint will provide personal jurisdiction" absent substantial compliance with its requirements (*Benny v. Pipes* (9th Cir. 1986) 799 F.2d 489, 492).

Once service of process is properly challenged, "the party on whose behalf [service] is made must bear the burden of establishing its validity." *Brockmeyer v. May* (9th Cir. 2004) 383 F.3d 798, 801. Upon a finding of improper service, it is within the district court's sound discretion to determine whether to quash service of process or to dismiss the case. *Stevens v. Sec. Pac. Nat. Bank* (9th Cir. 1976) 538 F.2d 1387, 1389.

### B. Basic Principles of Service of Process and Jurisdiction

Since JLRA-PLC is a corporation, service of process must comply with FRCP 4(h):

(h) Serving a Corporation, Partnership, or Association. Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:

(1) in a judicial district of the United States:

(A) in the manner prescribed by Rule 4(e)(1) for serving an individual [i.e., "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made"]; or

(B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant; or

(2) at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i).

A motion to quash for lack of personal jurisdiction does not implicate the merits of the complaint, but the plaintiff, in opposing a defendant's motion to quash, must present evidence to justify a finding that the requisite jurisdictional minimum contacts exist. *Floveyor Int., Ltd. v. Superior Court* (1997) 59 Cal.App.4th 789, 793.

California's long-arm statute permits a court to exercise personal jurisdiction over a nonresident defendant to the full extent permitted by the due process clause of the United States Constitution. *Code Civ. Proc.,* § 410.10; *Pavlovich v. Superior Court* (2002) 29 Cal.4th 262, 273. However, in order to satisfy due process requirements, the defendant must have "minimum contacts" with the forum state such that the maintenance of the suit "does not offend the traditional

notions of fair play and substantial justice." *Internat. Shoe Co. v. Washington* (1945) 326 U.S. 310, 316; *Burger King Corp. v. Rudzewicz* (1985) 471 U.S. 462, 471–472; *Pavlovich, supra*, 29 Cal.4th at p. 268; *Vons, supra,* 14 Cal.4th at p. 445. Minimum contacts exist where the defendant's conduct in the forum state is such that he should reasonably anticipate being subject to suit there, and it is reasonable and fair to force him to do so. *World–Wide Volkswagen Corp. v. Woodson* (1980) 444 U.S. 286, 297; *Kulko v. California Superior Court* (1978) 436 U.S. 84, 92; *Pavlovich, supra*, 29 Cal.4th at p. 269; *Vons, supra*, 14 Cal.4th at p. 445. In contrast, contacts that are random, fortuitous, or attenuated do not rise to the minimum level, and general jurisdiction cannot be exercised under these circumstances. *Burger King, supra,* 471 U.S. at p. 475; *Vons, supra,* 14 Cal.4th at p. 445.

In every case of an international defendant, the procedural and substantive interests of other nations in a state court's assertion of jurisdiction, as well as "the Federal interests in Government's foreign relations policies, will be best served by a careful inquiry into the reasonableness of the assertion of jurisdiction in the particular case, and an unwillingness to find the serious burdens on an alien defendant outweighed by minimal interests on the part of the plaintiff or the forum State. 'Great care and reserve should be exercised when extending our notions of personal jurisdiction into the international field.' *United States v. First National City Bank* (1965) 379 U.S. 378, 404 (Harlan, J., dissenting)." *Asahi Metal Industry Co. v. Superior Court* (1987) 480 U.S. 102, 115.

The nature and the quality of the defendant's contacts determine whether jurisdiction, if exercised, is general or specific. General jurisdiction exists when a defendant is domiciled in the forum state or his activities there are substantial, continuous, and systematic. *Helicopteros Nacionales de Colombia v. Hall* (1984) 466 U.S. 408, 414–416; *Vons, supra*, 14 Cal.4th at p. 445.

Encompassed within the purview of general jurisdiction are the theories of alter ego and agency, of which the representative services doctrine is a species. *Sonora Diamond Corp. v. Superior Court* (2000), 83 Cal.App.4th 523, 537–551. Under these theories, the jurisdictional analysis bypasses the foreign defendant's direct "minimum contacts" with California as the contacts of that company are imputed via the presence of the local agent, *through whom the foreign principal acts*. For purposes of jurisdiction, the analysis begins with the "*firm proposition that neither ownership nor control of a subsidiary corporation by a foreign parent corporation, without more, subjects the parent to the jurisdiction of the state where the subsidiary does business*." *Sonora, supra,* 83 Cal.App.4th at p. 540. "'Control' in this context means the degree of direction and oversight normal and expected from the status of ownership; it comprehends such common characteristics as interlocking directors and officers, consolidated reporting, and shared professional services. [Citations.] The relationship of owner to owned contemplates a close financial connection between parent and subsidiary and a certain degree of direction and management exercised by the former over the latter. [Citations.]" *Sonora, supra,* at pp. 540–541.

Thus, for purposes of acquiring jurisdiction over the foreign parent company based on agency, that company must exercise a degree of control over the local entity that is more pervasive than these common features signal. It must veer into management by the exercise of control over the internal affairs of the subsidiary and the determination of how the company will be operated on a day-to-day basis. *Sammons Enterprises, Inc. v. Superior Court* (1988) 205 Cal.App.3d 1427, 1434; *Williams v. Canon, Inc.* (C.D.Cal.1977) 432 F.Supp. 376, 380. It is the "rare occasion"

where a court is willing to treat a parent and subsidiary as one entity for jurisdictional purposes. *Calvert v. Huckins* (E.D.Cal.1995) 875 F.Supp. 674, 678.  In the absence of a showing of fraud or injustice, courts will generally respect the presumption of corporate separateness in a jurisdictional analysis.  *Ibid*.; *Sammons, supra*, 205 Cal.App.3d at p. 1434.

As a practical matter, the parent must be shown to have moved beyond the establishment of general policy and direction for the subsidiary and in effect taken over performance of the subsidiary's day-to-day operations in carrying out that policy. [Citations.]"  *Sonora, supra*, 83 Cal.App.4th at p. 542. Mere "ownership of a locally incorporated subsidiary does not warrant the exercise of jurisdiction over a foreign corporation unless the foreign parent 'manipulates the subsidiary to the detriment of creditors or the subsidiary is the alter ego of the parent. *Empire Steel Corp., supra*, 56 Cal.2d at p. 831.' (*Westinghouse Electric Corp. v. Superior Court* (1976) 17 Cal.3d 259, 274)." *J.M. Sahlein Music Co. v. Nippon Gakki Co., Ltd.* (1987) 197 Cal.App.3d 539, 543.)

In contrast, jurisdiction will not lie where the parent is a true holding company the business of which is not operations but passive investment.  *Sonora, supra*, 83 Cal.App.4th at p. 543.

**C. Analysis**

As an initial matter, service of process upon JLRA-PLC via personal service to CSC Lawyers Incorporating Service was improper because CSC is not the registered agent for JLRA-PLC.  The Rejection of Service of Process (see "Exhibit 1") transmitted to your office from CSC on October 4, 2019 was unequivocal in that regard.

Moreover, there is no backdoor argument upon which Plaintiff can rely in support of serving JLRA-PLC, a holding company, with process via its North American subsidiary.  JLRA-PLC does not exercise control over JLRNA-LLC beyond the basic ownership and control that one would expect to exist between a holding company and its local subsidiary.  That is, JLRA-PLC does not *manage* the internal affairs of its North American subsidiary or determine how the company will be operated on a day-to-day basis.  Thus, under applicable precedent, there is no basis for jurisdiction and we are requesting that you immediately confirm in writing that Plaintiff will *not* be seeking default against Jaguar Land Automotive PLC and will stand down from any further efforts to enforce an improper service attempt.

The parties are required by Central District of California L.R. 7-3 to meet-and-confer prior to the filing of any motion.  Please consider this our meet and confer attempt in advance of a special appearance to quash the improper service.  We look forward to hearing from you to discuss this matter further.

Very truly yours,

EVANS FEARS & SCHUTTERT LLP

Elizabeth V. McNulty
Christine Diaz Reynolds

# Exhibit 4

# Christine Diaz Reynolds

| | |
|---|---|
| **From:** | Christine Diaz Reynolds |
| **Sent:** | Friday, December 27, 2019 4:56 PM |
| **To:** | mreid@weitzlux.com; bashrafi@weitzlux.com |
| **Cc:** | Elizabeth McNulty; Lorry Abercrombie; Christine DiDomizio |
| **Subject:** | RE: Laukat v. ABB, Inc., et al. -- Answer of Jaguar Land Rover Automotive PLC |

Michael,

It was a pleasure speaking with you earlier.  This email shall confirm that Plaintiff has agreed to withhold moving for default against defendant Jaguar Land Rover Automotive PLC until after January 10, 2020, by which date Jaguar Land Rover Automotive PLC intends to file its motion to quash service of process.  This email shall also confirm our agreement that my firm's correspondence to you dated December 19, 2019, coupled with our phone conversation today, constitutes a good faith attempt to meet and confer prior to the forthcoming motion to quash service of process as required by the local rules.

Please confirm receipt of this email and advise immediately if this does not comport with your understanding of the current procedural status between Plaintiff and Jaguar Land Rover Automotive PLC in this matter.

Thank you,
Christine

Please note my new contact information, effective Dec. 2, 2019.



Christine Diaz Reynolds
Partner
Evans Fears & Schuttert LLP
4440 Von Karman Avenue, Suite 250
Newport Beach, California 92660
Direct:  949-519-1050
Mobile: 619-261-2995
Fax: 949-966-0706
creynolds@efstriallaw.com

Privileged/Confidential Information may be contained in this message. If you are not the addressee indicated in this message (or responsible for delivery of the message to such person), you may not copy or deliver this message to anyone. In such case, you should destroy this message and kindly notify the sender by reply email. Please advise immediately if you or your employer do not consent to Internet email for messages of this kind.

**From:** Christine Diaz Reynolds
**Sent:** Thursday, December 19, 2019 4:50 PM
**To:** mreid@weitzlux.com; bashrafi@weitzlux.com

# Exhibit 5

| | |
|---|---|
| **From:** | Christine Diaz Reynolds |
| **To:** | Reid, Michael |
| **Cc:** | Ashrafi, Benno; Elizabeth McNulty; Lorry Abercrombie; Christine DiDomizio |
| **Subject:** | RE: Laukat v. ABB, Inc., et al. -- Answer of Jaguar Land Rover Automotive PLC |
| **Date:** | Thursday, January 9, 2020 3:05:00 PM |

Michael,

It was a pleasure speaking with you just now. This email shall confirm our agreement that Plaintiffs will hold off on filing any default paperwork against Jaguar Land Rover Automotive PLC until after January 24, 2020.

Thanks again,
Christine

-----Original Message-----
From: Christine Diaz Reynolds
Sent: Wednesday, January 8, 2020 4:51 PM
To: Reid, Michael <mreid@weitzlux.com>
Cc: Ashrafi, Benno <BAshrafi@weitzlux.com>; Elizabeth McNulty <emcnulty@efstriallaw.com>; Lorry Abercrombie <labercrombie@efstriallaw.com>; Christine DiDomizio <cdidomiz@jaguarlandrover.com>
Subject: RE: Laukat v. ABB, Inc., et al. -- Answer of Jaguar Land Rover Automotive PLC

Michael,

I left a voicemail for you earlier but learned you are out of the office today. I'm reaching out to request that Plaintiffs hold off an additional 2 weeks (until January 24th) before moving for default against Jaguar Land Rover Automotive PLC ("JLRAPLC"). Given the timing of the holiday, coupled with the usual catching up that occurs upon return from an extended holiday, we have faced some not unusual delays in obtaining information necessary for the Court. We hope not to require the entire two week extension, but are requesting the additional time in an abundance of caution. Please confirm whether Plaintiffs accept this reasonable proposal.

Thank you,
Christine

-----Original Message-----
From: Reid, Michael <mreid@weitzlux.com>
Sent: Friday, December 27, 2019 5:09 PM
To: Christine Diaz Reynolds <creynolds@efstriallaw.com>
Cc: Ashrafi, Benno <BAshrafi@weitzlux.com>; Elizabeth McNulty <emcnulty@efstriallaw.com>; Lorry Abercrombie <labercrombie@efstriallaw.com>; Christine DiDomizio <cdidomiz@jaguarlandrover.com>
Subject: Re: Laukat v. ABB, Inc., et al. -- Answer of Jaguar Land Rover Automotive PLC

Confirmed, and agreed. Thank you.


Yours to count on,

Michael Reid, Esq.
Weitz & Luxenberg, PC
1880 Century Park East, Ste. 700<x-apple-data-detectors://1/1> Los Angeles, CA 90067<x-apple-data-detectors://1/1>
Phone: (310) 728-4979<tel:(310)%20728-4979>
Fax: (646) 293-7490<tel:(646)%20293-7490> MReid@weitzlux.com<mailto:MReid@weitzlux.com>

This email and any files transmitted with it are confidential and intended solely for the use of the individual or entity

# PROOF OF SERVICE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 4440 Von Karman Avenue, Suite 250, Newport Beach, California, 92660.

On January 24, 2020, I served, in the manner indicated below, the foregoing document described as: **DECLARATION OF CHRISTINE DIAZ REYNOLDS IN SUPPORT OF MOTION TO DISMISS JAGUAR LAND ROVER AUTOMOTIVE PLC OR, IN THE ALTERNATIVE, MOTION TO QUASH SERVICE OF SUMMONS** on the interested parties in this action as follows:

- ☒ **BY ELECTRONIC TRANSMISSION:** ELECTRONIC COURT FILING (ECF): the above-entitled document to be served electronically through the United States District Court, Central District ECF website, addressed to all parties appearing in the Court's ECF service list. A copy of the "Filing Receipt" PAGE will be maintained with the original document in our office.
- ☒ **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on January 24, 2020 at Newport Beach, California.



Lorry Abercrombie

**DECLARATION OF CHRISTINE DIAZ REYNOLDS MOTION TO DISMISS OR, IN THE ALTERNATIVE, QUASH SERVICE OF SUMMONS** - 5 -