Elizabeth V. McNulty (Bar No. 192455)
emcnulty@efstriallaw.com
Christine Diaz Reynolds (Bar No. 265566)
creynolds@efstriallaw.com
EVANS FEARS & SCHUTTERT LLP
4440 Von Karman Avenue, Suite 250
Newport Beach, California 92660
Telephone: (949) 301-9463
Facsimile: (949) 966-0706

Attorneys for Specially Appearing Defendant
JAGUAR LAND ROVER AUTOMOTIVE plc

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES LAUKAT and MISUN LAUKAT,<br><br>Plaintiffs,<br><br>vs.<br><br>ABB, INC., *et al.*, and DOES 1-400,<br><br>Defendants. | Case No.  CV 19-09436-CJC(Ex)<br><br>**AMENDED REPLY REGARDING MOTION TO DISMISS JAGUAR LAND ROVER AUTOMOTIVE plc OR, IN THE ALTERNATIVE, MOTION TO QUASH SERVICE OF SUMMONS**<br><br>HEARING DATE:  March 2, 2020<br>TIME:           1:30 p.m.<br><br>JUDGE:          Hon. Cormac Carney<br>COURTROOM: 7C |

## I.

## INTRODUCTION

The Court should quash service of process upon specially appearing defendant Jaguar Land Rover Automotive plc ("JLRAplc"), a UK-based holding company. Plaintiff failed to effect proper service under the Hague Convention and, instead, utilized a mechanism that is wholly non-compliant with *California*

<u>AMENDED</u> **REPLY RE MOTION TO DISMISS OR, IN THE ALTERNATIVE, QUASH SERVICE OF SUMMONS**

*Corporations Code* §2110 because service was made on a California registered Corporate Agent for Service of Process without any ties to JLRAplc. Plaintiffs justify their improper service attempt by conflating *Corporations Code* §2110 and *Code of Civil Proc.* §416.10 – a fallacy that this Court has previously recognized as grounds to quash service of process. Moreover, neither JLRAplc's domestic subsidiary – Jaguar Land Rover North America, LLC ("JLRNA-LLC") – nor JLRNA-LLC's corporate agent for service of process meet the definition of "general manager [of JLRAplc] in this state" as required under *Corporations Code* §2110. Accordingly, at a minimum, the Court should quash service of summons pursuant to Rule 12(b)(5) of the *Federal Rules of Civil Procedure*.

## II.

## PLAINTIFF'S ATTEMPTED SERVICE OF PROCESS DOES NOT COMPLY WITH *CORPORATIONS CODE* §2110

In justifying the improper service of their complaint upon JLRAplc via its North American subsidiary's agent for service of process, Plaintiffs baldly contends that "where the general manager is itself a corporation, service may be made upon the corporate general manager through its registered agent for service of process." This false theory is the result of Plaintiffs' conflating of *Code of Civil Proc.* §416.10 and *California Corporations Code* §2110.

*California Corporations Code* §2110 requires that a foreign corporation be served "by delivery by hand of a copy of any process….(a) to any officer of the corporation or its general manager in this state,… (b) to any natural person designed by it as agent for the service of process,… or (c) to any person named in the latest certificate of the corporate agent…" Section 2110 does <u>not</u> state that service is proper by delivery to an agent for service of process of the foreign corporation's domestic subsidiary.

*Code of Civil Proc.* §416.10, titled "Corporations generally", enumerates the

Evans Fears & Schutter LLP
4440 Von Karman Avenue, Suite 250
Newport Beach, CA 92660

four ways in which a corporation can be served with process. In relying on this statute, however, Plaintiffs wholly ignore subsection (d), which states that if service of a summons is authorized by any provision in *California Corporations Code* §2110 (among other sections), then service should be effectuated "**as provided by that provision**." *Code of Civil Proc.* §416.10(d) (emphasis added). That is, as to service of a foreign corporation, a summons may be served on a corporation by delivering a copy of the summons and the complaint as provided by *California Corporations Code* §2110.

Here, Plaintiffs attempted service on JLRAplc by leaving a copy of the complaint with the receptionist at CSC Lawyers Incorporating Service (hereinafter "CSC"), the authorized agent for service of process for *Jaguar Land Rover North America, LLC* ("hereinafter JLRNA-LLC"). But section 2110 does not allow for service of process on a foreign corporation via an agent for service of process of a domestic subsidiary. Plaintiffs are trying to broaden the scope of section 2110 by allowing the agent for service of process of a JLRNA-LLC – the Delaware-based North American subsidiary of JLRAplc – to fall under one of the enumerated categories, thereby adding a new degree of separation for valid service of process. The Court should not permit this unintended and improper expansion of the rule and should draw the line on how far *California Corporations Code* §2110 can reach in defining proper service of process.

### III.
### NEITHER JLRNA-LLC NOR CSC MEET THE DEFINITION OF "GENERAL MANAGER IN THIS STATE" AS REQUIRED UNDER *CORP. CODE* §2110

Building upon the fallacy that a foreign corporation is properly served via its domestic subsidiary's agent for service of process, Plaintiffs' next misguided leap is to rely on *Cosper v. Smith & Wesson Arms Co.* and *Yamaha Motor Co. v. Superior*

AMENDED REPLY RE MOTION TO DISMISS OR, IN THE ALTERNATIVE, QUASH SERVICE OF SUMMONS

- 3 -

*Court* in contending that service was proper because JLRNA-LLC is JLRAplc's "general manager." This argument fails.

First, *California Corporations Code* §2110 requires that a foreign corporation be served "by delivery by hand of a copy of any process….(a) to any officer of the corporation or its general manager **in this state**,…" As Plaintiffs point out in their opposition brief, JLRNA-LLC "is an American corporation incorporated in Delaware and headquartered in New Jersey", and is considered a "foreign entity" for purposes of California Secretary of State registration. (See Plaintiffs' Opposition to Defendant Jaguar Land Rover Automotive's Motion, at page 8, lines 9-10; see also Stock Declaration in Opposition to this Motion, Ex. C "CA Secretary of State Business Search Results.") Thus, even if JLRNA-LLC were deemed to be JLRAplc's "general manager," which it is not, the company does not satisfy the requirement of being within California when service was attempted.

Moreover, JLRNA-LLC was not served with process on behalf of JLRAplc; its agent for service of process was served. The complaint was delivered to CSC, which is a California registered Corporate Agent for Service of Process. (See Stock Declaration in Opposition to this Motion, Ex. C "CA Secretary of State Business Search Results.") And based on the requirement that service be made "by delivery by hand of a copy of any process….(a) to any officer of the corporation or its general manager **in this state**,…" the only way this service of process could be deemed compliant with *California Corporations Code* §2110 is if CSC, *not JLRNA-LLC* – is deemed to be JLRAplc's "general manager." This is an untenable position.

Plaintiff relies on *Yamaha Motor Co. v. Superior Court*, (2009) 174 Cal.App.4th 264, to define the concept of "general manager". In *Yamaha*, the Court did rule that even a salesman with a non-exclusive relationship to sell could serve

AMENDED REPLY RE MOTION TO DISMISS OR,
IN THE ALTERNATIVE, QUASH SERVICE OF         - 4 -
SUMMONS

as a general manager, in light of *Cosper v. Smith & Wesson Arms Co.*, (1959) 53 Cal.2d 77. In *Cosper*, a pre-Hague Convention case, the California Supreme Court ruled that service was validly made on Walter Lookabaugh, the California sales representative of the defendant Smith & Wesson, which was a Massachusetts company with no other connections to California. *Id.* at 413-14. There, Lookabaugh was found to be the general manager of Smith & Wesson and therefore service via Lookabaugh was held valid. *Id.* at 414.

The relationship of Smith & Wesson and Lookabaugh in *Cosper* are readily distinguishable from that between JLRAplc and CSC. In *Cosper*, the court recognized Lookabaugh's role of selling and marketing the products for Smith & Wesson as constituting the basis of its knowledge of the service of process. *Id.* at 414. Here, however, CSC is far from being a salesman for JLRAplc. CSC is an agent for service of process for JLRNA-LLC, *not* JLRAplc. CSC in fact has no relationship to JLRAplc at all and cannot be fairly characterized as a salesperson for JLRAplc. Accordingly, CSC cannot be considered a "general manager" that can properly be served on behalf of JLRAplc.[1]

The case *SKC Kolon PI, Inc. v. Kaneka Corporation*, (C.D. Cal. Nov. 18, 2010) No. CV 10-07251-GAF (MANx), 2010 WL 11553177, is instructive on this issue. That case, which arises out of this court, distinguished *Yamaha* and *Cosper* in a situation analogous to the one at hand. In *SKC*, the plaintiffs (Korean and Georgian corporations) sued the defendant (a Japanese corporation) for patent

---

[1] The fact that CSC, a registered Corporate Agent for Service of Process, was the recipient of the purported service of process on behalf of JLRAplc distinguishes this matter from the other two cases cited by Plaintiff in his Opposition brief. In *Falco c. Nissan North America, Inc.*, (C.D. Cal.2013) 987 F. Supp.2d, the complaint (absent a summons) was initially served upon an executive of Nissan-America and subsequently served (with a summons) by substituted service upon other executives. In *Khachatryan v. Toyota Motor Sales, U.S.A., Inc.*, (Ca.D. Cal. 2008) 578 F.Supp.2d 1224, Toyota-Japan was served through substituted service upon the chairman of Toyota Motor Sales U.S.A., Inc. at Toyota-America's address in Torrance, California. Since the recipients of service of process in both instances were officers of the corporations, there was no discussion in either case regarding the implications of serving a registered Corporate Agent for Service of Process.

infringement. *Id.* at 1. The plaintiffs "served their complaint on Kaneka by leaving the summons and complaint with a process specialist at CT Corporations Systems Inc. ('CT'), purportedly a registered agent for Keneka in California." *Id.* CT, however, "is a registered agent of Kaneka <u>Texas</u> Corporation ("KTC"), a wholly-owned subsidiary of Kaneka." *Id.* In granting a motion to quash service, this district court determined while "KTC may be the exclusive distributor of its parent-manufacturer's products in the Americas," service on KTC is insufficient because KTC's business activities were focused elsewhere – Texas – and so it could not be considered Kaneka's "general manager in this state." *Id.* at 3. Moreover, because KTC is not a general manager in this state, service on its registered agent does not satisfy *California Corporations Code* §2110. *Id.* Thus, this court concluded, the plaintiffs "have not met their burden of establishing that [Kaneka] was properly served with process" and the court granted Kaneka's motion to quash service of summons.[2] *Id.*; *see also Jones v. James Trading Company Limited* (C.D. Cal. July 3, 2019) No. CV 19-2674-MWF (JEMx), 2019 WL 6354392, at 5 (Recognizing *SKC Kolon PI, Inc. v. Kaneka Corporation* as persuasive authority).

Following this court's reasoning in *SKC*, even if JLRNA-LLC is recognized as the exclusive distributor of its parent-manufacturer's products in the Americas, service on JLRNA-LLC is insufficient because it is undisputed that JLRNA-LLC is incorporated in Delaware and headquartered in New Jersey and, thus, as a foreign entity itself, may not be considered JLRAplc's "general manager in this state." On top of that, since JLRNA-LLC is not a general manager in this state, service on CSC does not satisfy *California Corporations Code* §2110. Thus, Plaintiff has not met his burden of establishing that JLRAplc was properly served with process.

///

---

[2] Although *SKC* is unpublished, unpublished federal opinions are citable as persuasive, although not precedential, authority. *Pacific Shore Funding v. Lozo* (2006) 138 Cal.App.4th 1342.

## III.

## **JURISDICTIONAL DISCOVERY IS UNLIKELY TO BE PRODUCTIVE**

The facts relevant to disposition of this matter are undisputed:

- JLRAplc is foreign company incorporated under the laws of England and Wales and headquartered in the United Kingdom;
- JLRNA-LLC is incorporated in Delaware and headquartered in New Jersey;
- Plaintiff did not serve JLRAplc pursuant to the Hague Convention;
- Plaintiff attempted to serve JLRAplc by delivering a copy of the complaint to CSC, JLRNA-LLC's agent for service of process; and
- CSC is a California registered Corporate Agent for Service of Process; CSU is not an officer of JLRAplc.

Accordingly, there is no reason to grant Plaintiff's request for jurisdictional discovery as the Court has all of the relevant facts to determine service and jurisdiction before it.

## IV.

## **CONCLUSION**

Based upon the foregoing, the moving party requests that the Court dismiss this case against Jaguar Land Rover Automotive plc based upon lack of jurisdiction or, at a minimum, quash service of process based on the improper service of process upon JLRAplc, a UK entity.

Dated: February 14, 2020          EVANS FEARS & SCHUTTERT LLP

*/s/ Elizabeth V. McNulty*
Elizabeth V. McNulty
Christine Diaz Reynolds
Attorneys for Defendant
JAGUAR LAND ROVER
AUTOMOTIVE plc

# PROOF OF SERVICE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 4440 Von Karman Avenue, Suite 250, Newport Beach, California, 92660.

On February 14, 2020, I served, in the manner indicated below, the foregoing document described as: **AMENDED REPLY REGARDING MOTION TO DISMISS JAGUAR LAND ROVER AUTOMOTIVE PLC OR, IN THE ALTERNATIVE, MOTION TO QUASH SERVICE OF SUMMONS** on the interested parties in this action as follows:

☒ **BY ELECTRONIC TRANSMISSION:** ELECTRONIC COURT FILING (ECF): the above-entitled document to be served electronically through the United States District Court, Central District ECF website, addressed to all parties appearing in the Court's ECF service list. A copy of the "Filing Receipt" PAGE will be maintained with the original document in our office.

☒ **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on February 14, 2020 at Newport Beach, California.

*/s/ Christine Diaz Reynolds*_____
Christine Diaz Reynolds